# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARIA GUADALUPE ACEVEDO and MARIA CECILIA ACEVEDO, on behalf of themselves and on behalf of all other persons similarly situated known and unknown, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07 C 4091 |
| v. | ) ) | Magistrate Judge Morton Denlow |
| ACE COFFEE BAR, INC., and RODNEY D. CAVITT, individually, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Maria Guadalupe Acevedo and Maria Cecilia Acevedo ("Plaintiffs") filed suit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment Collection Act, 820 ILCS 115/1 *et seq.* Plaintiffs allege that Defendants Ace Coffee Bar, Inc. and Rodney D. Cavitt ("Defendants") failed to pay overtime wages to Plaintiffs and other similarly situated persons. Before the Court is Plaintiffs' motion to compel discovery. The discovery relates to Defendants' failure to respond to specific interrogatories and requests for the production of documents. The Court held oral argument on February 11, 2008. For the following reasons, the Court grants Plaintiffs' motion in part and denies it in part.

# I. BACKGROUND FACTS

Plaintiffs sue on behalf of themselves and others similarly situated for overtime wages incurred while working over 40 hours per week, and for Defendants' failure to pay them at the rate agreed to during their employment. Plaintiffs allege they and other similarly situated hourly employees customarily worked over 40 hours each week but were not paid at the overtime wage rate of one and a half times their regular rate of pay for all time worked after forty hours. Plaintiffs worked in Defendants' "commissary," the assembly line where foods are processed, prepared, and packaged by employees for shipping. Plaintiff Maria G. Acevedo worked as a salad wrapper, and Plaintiff Maria C. Acevedo worked as a food labeler in Defendants' Streamwood, Illinois facility.

Plaintiffs issued written discovery to Defendants on December 4, 2007, including Interrogatories and Requests for Production of Documents. At issue is the following Interrogatory No. 6 and Document Request No.1 and responses thereto:

> **Interrogatory No. 6:** For each person employed by Defendants in the three (3) years prior to Plaintiff filing her Complaint to the present and who either: (a) was compensated by Defendants on an hourly basis, or who (b) performed the same or similar job duties or responsibilities that Plaintiff performed, state his or her: (a) Name; (b) Home Address; (c) Telephone Number; (d) Dates of employment by Defendants; (e) Location(s) of employment; and (f) Employee Number. If available, provide the information in electronic and importable format (i.e., Microsoft Excel (.xls) or Symbolic Link (SYLK) (.slk)) if possible.
>
> **Answer:** Please see EXHIBIT A attached hereto. The Exhibit contains a list of all hourly commissary workers during the

relevant time period.[1]

**Request No. 1:** A list, in electronic and importable format (i.e., Microsoft Excel (.xls) or Symbolic Link (SYLK)(.slk)) for Plaintiffs and each other hourly employee employed by Defendants in the five years prior to the Complaint being filed. Such information should include, but not necessarily be limited to the following data fields: (a) Name of employee; (b) Employee's address and telephone number; (c) Employee's dates of employment; and (d) Employee number. If such information does not exist in electronic format, then a hard copy of such information should be produced.

**Answer:** Please see Defendants' Answer to Plaintiffs' Interrogatory No. 6 and Exhibit A attached thereto.

(Pl. Mot. Compel, Ex. A, Plaintiffs First Set of Interrogatories).

Attorneys for both parties discussed their discovery issues on January 8, 2008 and Defendants agreed to answer the written discovery requests by January 18, 2008. According to Plaintiffs, on January 11, 2008, Defendants informed Plaintiffs' counsel they would not answer Plaintiffs' discovery requests pertaining to similarly situated employees. Plaintiffs subsequently filed a motion to compel with Judge Coar on January 14, 2008. On January 18, 2008, Defendants submitted answers to Plaintiffs' Interrogatories and Request for Production of Documents, providing the names, employee numbers, and dates of employment of commissary employees paid on an hourly basis, but omitting the addresses and telephone numbers of such employees. Plaintiffs now move to compel Defendants to fully respond to Interrogatory No. 6 and Document Request No. 1 with respect to similarly situated

---

[1] Exhibit A appears to include a list of employee names and their respective identification numbers, hire dates, and termination dates (if applicable).

individuals.

Plaintiffs contend they are entitled to the names and addresses of similarly situated employees because they are entitled to issue notice to similarly situated employees under 29 U.S.C. § 216(b). Plaintiffs further argue the nature of their case requires that they rely on testimony from other sources to prove their claim.

Defendants object on the grounds that they are not authorized to provide Plaintiffs with employees' personal information. They argue Plaintiffs' need for such information does not outweigh their employees' right to keep personal information confidential. In addition, Defendants assert Plaintiffs' discovery requests are overly broad and irrelevant at the present time.

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure allow broad discovery. Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) states that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . .[and is of] discoverable matter." *Id.* Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Murata Mfg. Co., v. Bel Fuse, Inc.,* 422 F. Supp. 2d 934, 945 (N.D. Ill. 2006) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Even if relevant, discovery will not be

allowed if the requesting party fails to show the need for the information, or if compliance with the request is unduly burdensome or oppressive, or where the harm of disclosure outweighs the need for the information. Fed. R. Civ. P. 26(b)(2)(c).

Under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), a civil action may be maintained by an individual "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Yet individuals may only become parties to a collective action under the FLSA by filing consents with the court. 29 U.S.C. § 216(b); *Flores v. Lifeway Foods, Inc.,* 289 F. Supp. 2d 1042, 1044 (N.D. Ill. 2003). "The 'opt-in' requirement of § 216(b) preempts the class action procedure under Federal Rule of Civil Procedure 23," and the distinction affects the notice that must be given to potential class members based on due process considerations. *Flores*, 289 F. Supp. 2d at 1044.

### III. DISCUSSION

**A.  Plaintiffs' Entitlement to Discovery of Personal Contact Information.**

**1.  Nature of a Collective Action**

Plaintiffs seek an order compelling Defendants to provide the names, addresses, and telephone numbers of similarly situated employees, to inform them of this pending action, and to help support their claims and defenses. It is well settled that district courts have discretion to implement Section 216(b) by facilitating notice to potential plaintiffs. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

In *Hoffman-La Roche*, the Supreme Court held district courts could assist in

5

prescribing the terms and conditions of communication to potential plaintiffs in a collective action and affirmed the district court's order to produce the names and addresses of similarly situated employees. *Id.* at 169-70. The Court found the requested discovery "was relevant to the subject matter of the action," and there were no grounds to limit discovery under the circumstances.[2] *Hoffman-La Roche*, 493 U.S. at 170. In particular, the Court noted that the benefit of proceeding collectively could only be obtained if potential plaintiffs received "accurate and timely notice concerning the pendency of the collective action," necessitating court oversight to ensure the efficient joinder of parties. *Id.* at 170. Because Federal Rule of Civil Procedure 16(b) requires the entry of a scheduling order limiting the time frame for joinder of additional parties, the Court emphasized the importance of early judicial management. *Id.* at 171-173. Thus, it is within the authority and discretion of this Court to authorize discovery of personal contact information for similarly situated employees.

Defendants argue Plaintiffs' motion is untimely because they have yet to file for provisional class certification. Yet "provisional certification is not necessarily a prerequisite for conducting limited discovery" for defining the proposed class. *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 671 (D. Kan. 2003); *Wiegele v. FedEx Ground Package System*, 2007 WL 628041, at *2 (S.D. Cal. 2007); *Morden v. T-Mobile USA, Inc.*, 2006 WL 1727987, at *2 (W.D. Wash. 2006); *Barton v. The Pantry*, *Inc.*, 2006 WL 2568462, at *1

---

[2]The Court addressed this matter in an action under the Age Discrimination in Employment Act ("ADEA"), but noted that the ADEA incorporated § 16(b) of the FLSA, 29 U.S.C. § 216(b), authorizing collective actions.

(M.D.N.C. 2006).

Collective actions under Section 216(b) necessitate a broader scope of discovery in order to identify similarly situated employees who may wish to opt-in to the suit. *Hammond*, 216 F.R.D. at 671. Because Plaintiffs are entitled to structure their suit to proceed as a class under Section 216(b), and because they may proceed with limited discovery prior to provisional certification, Defendants must comply with Plaintiffs' Interrogatories and Requests for Production of Documents pertaining to the addresses and phone numbers of similarly situated employees. The issue of what constitutes a similarly situated employee is discussed in Section B *infra.*

### 2. Privacy Issues

Defendants also argue that responding to Plaintiffs' requests would violate their employees' expectations of privacy. Although Defendants cite to many cases upholding the general right to protect personal information, none of their cases address analogous situations. It is true that an individual possesses an interest against the disclosure of matters of personal concern, *Whalen v. Roe*, 429 U.S. 589, 599-600 (1977), and that the law recognizes "the privacy of the home." *Doe v. Biang*, 494 F. Supp. 2d 880, 892 (N.D. Ill. 2006). Yet Plaintiffs' request to discover limited information from potential similarly situated employees is distinguishable from cases cited by Defendants. *Whalen*, 429 U.S. at 603-04 (upholding privacy rights for patient medical information); *CNA Fin. Corp. v. Local 743 of Int'l. Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am.,* 515 F. Supp. 942,

946 (N.D. Ill. 1981) (conceiving that a list of employee names and addresses could possibly be considered a trade secret under specific circumstances); *Biang*, 494 F. Supp. 2d at 891 (discussing the privacy rights of sex offenders); *People v. Martini*, 265 Ill. App. 3d 698, 704 (Ill. App. Ct. 1994) (analyzing privacy rights in reference to search warrants).

In considering Defendants' privacy concerns, the Court must weigh whether Plaintiffs have a compelling need for discovery, and if so, whether that need outweighs the privacy rights at issue. *See Wiegele*, 2007 WL 628041, at *2. Simply because the discovery sought is relevant does not automatically entitle a plaintiff to the information. *Wiegele*, 2007 WL 628041, at *2.

Other courts addressing this exact issue have upheld a plaintiff's right to obtain addresses and phone numbers of potential similarly situated employees over defendants' privacy objections. In *Wiegele*, the court ordered the defendant to provide the plaintiffs with addresses and telephone numbers of former and current employees, finding that the plaintiff's "need and due process right to conduct discovery" outweighed any privacy concerns of the putative plaintiffs. 2007 WL 628041, at *2. *See also Donahay v. Palm Beach Tours & Transp., Inc.,* 2007 WL 1119206, at *1 (S.D. Fla. 2007); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 108 (S.D.N.Y. 2003); *Held v. Nat'l Railroad Passenger Corp.*, 101 F.R.D. 420, 425 (D.C.D.C. 1984) (overruling the defendant's privacy objections and granting motion to compel discovery of employees' names and addresses). Courts in the Seventh Circuit have also rejected similar privacy objections to the discovery

of personal contact information. *See Tomanovich v. Glen*, 2002 WL 1858795, at *4 (S.D. Ind. 2002).

Here, Plaintiffs' request for the contact information of similarly situated employees also outweighs the privacy rights of such potential plaintiffs. Due process requires an opportunity to discover this information at the present stage of litigation, and such due process rights are more compelling than the privacy rights of potential plaintiffs' addresses and phone numbers. *See Wiegele*, 2007 WL 628041, at *2. Such information is distinguishable from "more intimate privacy interests such as compelled disclosure of medical records and personal histories." *Id.*

To mitigate Defendants' privacy concerns, however, the Court will impose a protective order to assure the information provided to Plaintiffs is protected from disclosure and used for its intended purposes. *See Tomanovich,* 2002 WL 1858795, at *6; *Wiegele*, 2007 WL 628041, at *4. The information provided by Defendants as to their employees' contact information is to be produced to Plaintiffs' counsel only, and may only be used in this litigation. This will adequately protect the privacy interests of putative class members while ensuring Plaintiffs the opportunity to effectively pursue their case.

**B.    Plaintiffs' Motion to Compel Is Granted Only With Respect to Similarly Situated Commissary Employees.**

The text of § 216(b) does not define the term "similarly situated." *Flores*, 289 F. Supp. 2d at 1045. Courts use two general methods to determine when an FLSA class should be certified: the first uses elements of Rule 23 class actions and the second applies a two-step

approach, approving notice to potential class members at the first step based on the pleadings and any affidavits, and definitively certifying the class at the second step once discovery has been completed. *See id.* at 1044-1045. *See also Carter v. Indianapolis Power & Light Co.,* 2003 WL 23142183, at * 3 (S.D. Ind. 2003). Courts in the Seventh Circuit tend to adopt the second approach. *Flores,* 289 F. Supp. 2d at 1045; *Mares v. Caesars Entertainment, Inc.,* 2007 WL 118877, at *2 (S.D. Ind. 2007).

At the first step, courts have also applied various analyses for determining whether potential plaintiffs are similarly situated. *See Vazquez v. Tri-State Mgmt. Co.,* 2002 WL 58718, at *2 (N.D. Ill. 2002). "One court defined similarly situated as 'performing the same type of duties as' the named plaintiff." *Id.* (quoting *Pfaahler v. Consultants for Architects, Inc.,* 2000 WL 198888, at *2 (N.D. Ill. 2000). Yet other courts find plaintiffs must demonstrate potential class members are similarly situated "by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Vazquez,* at *2 (quoting *Realite v. Ark Rests. Corp.,* 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998). *See also Bontempo v. Metro Networks Commc'ns. Ltd. Partnership,* 2002 WL 1925911, at *1 (N.D. Ill. 2002). This modest showing requires Plaintiffs to show "a reasonable basis for believing" they are similarly situated to potential class members and to demonstrate a "factual nexus that binds potential members of a collective action." *Mares*, 2007 WL 118877, at *3; *Gambo v. Lucent Tech., Inc.,* 2005 WL 3542485, at *4 (N.D. Ill. 2005). If such a showing is made, the court will conditionally

10

certify the class, but if at the close of discovery the court finds any opt-in plaintiffs are not in fact similarly situated, it may dismiss them without prejudice or decertify the entire class. *Mares,* 2007 WL 118877, at *3.

Despite the liberal standard applied at step one of conditional certification, courts still require plaintiffs to make factual allegations supported by admissible evidence. *Id.* Although the finding at step one is less stringent than step two and often leads to conditional certification, courts in this circuit nonetheless decline to certify a class where plaintiffs fail to provide sufficient proof regarding similarly situated employees. *See Persin v. Careerbuilder, LLC*, 2005 WL 3159684, at *1, *3 (N.D. Ill. 2005) (noting that where plaintiff previously did not provide a description of his job duties or cite knowledge that others in the company performed similar duties, he did not produce sufficient evidence to demonstrate employees were similarly situated); *Flores*, 289 F. Supp. 2d at 1046 (finding affidavits of only two employees did not give rise to a common policy or plan to meet the modest factual showing necessary at step one). Thus, Plaintiffs must complete a limited level of discovery in order to meet the conditional certification threshold.

As stated above, Plaintiffs have yet to move for conditional certification. Therefore, the Court is not required to analyze who is similarly situated at this juncture. *See Bailey v. Ameriquest Mortgage Co.,* 2002 WL 100388, at *2 (D. Minn. 2002) (reasoning that in *Hoffman-La Roche*, the Supreme Court "did not require a 'similarly situated' analysis" prior to producing a list of names). The utility of allowing Plaintiffs limited discovery pre-

11

certification is to determine which employees are in fact similarly situated so they may satisfy the evidentiary requirement at the first step. *See Hammond*, 216 F.R.D. at 673. At present, Plaintiffs have yet to make any "modest factual showing" that would qualify for conditional certification. *See Persin*, 2005 WL 3159684; *Flores*, 289 F. Supp. 2d at 1046.

Under *Hoffman-La Roche*, however, this Court retains the discretion to facilitate discovery of potential plaintiffs. 493 U.S. at 169. There, the Court ruled the district court's decision permitting discovery of names and addresses of potential plaintiffs was appropriate because, under the particular circumstances of that case, "there were no grounds to limit the discovery," but the Court did not provide details of the underlying litigation. *Id.* at 170. Other courts interpreting *Hoffman La-Roche* have found that, although some limited discovery is appropriate prior to certification, unlimited discovery is not warranted. *Morden*, 2006 WL 1727987, at *4. *See also Loy v. Motorola, Inc.,* 2004 WL 2967069, at *3 (N.D. Ill. 2004) (discussing courts' considerable discretion in deciding the degree to which discovery should go forward with class certification).

This Court, using its discretion, will allow Plaintiffs' discovery requests, but only with respect to the commissary employees at Defendants' Streamwood facility, and not to all hourly employees. Plaintiffs have not as yet demonstrated a reasonable factual basis for suspecting that all hourly employees have been subject to the same pay practice.[3] Plaintiffs'

---

[3] This does not preclude Plaintiffs from seeking the names, addresses and telephone numbers of all hourly employees at future stages in this litigation. It is simply premature to allow broad discovery prior to conditional class certification, given the lack of evidence demonstrating a particular need for such an expansive group.

counsel conceded at oral argument that Plaintiffs' knowledge is limited to their experience on the food line. Plaintiffs offer no affidavits, declaration, or factual allegations in their complaint that all hourly employees have been denied overtime.

## III. CONCLUSION

Plaintiffs' motion to compel is granted with respect to the discovery of names, addresses, and telephone numbers of similarly-situated commissary employees, but denied with respect to other hourly employees. Defendants' objection on the ground of privacy is without merit, as discovery of such information is routinely granted in collective actions. Furthermore, Defendants' objection as to the timeliness of Plaintiffs' request is also rejected, as conditional certification is not a prerequisite for conducting limited discovery. Thus, for the reasons set forth in this opinion, **Plaintiffs' motion to compel is granted in part and denied in part. The Court imposes a protective order providing the employees' contact information is to be produced to Plaintiffs' counsel only for use in this litigation.**

**SO ORDERED THIS 25th DAY OF FEBRUARY, 2008.**

_____
**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**


**Copies sent to:**

| | |
|---|---|
| Douglas M. Werman | Luke A. Casson |
| Maureen A. Bantz | Kevin J. Lahey |
| Werman Law Office, P.C. | Andreou & Casson, Ltd. |
| 77 W. Washington, Suite 1402 | 661 W. Lake St., Suite 2N |
| Chicago, IL 60602 | Chicago, Illinois 60661 |
| | |
| Counsel for Plaintiffs | Counsel for Defendants |